IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


WILLIE MUNN                                                                    PLAINTIFF

v.                              Civil No.    4:23-cv-04033-SOH-CDC

SHERIFF JAMES SINGLETON; DEPUTY
BUSH; JAIL ADMINISTRATOR JAMES                          DEFENDANTS
WISE; SECURITY GUARD KATADO;
OFFICER MIKE MIKE; JUDGE DUNCAN
CULPEPPER; PROSECUTOR BEN HALE;
ATTORNEY JAMES STAYTON; and
ATTORNEY CHARLES FRIDAY


## REPORT AND RECOMMENDATION

Plaintiff, Willie Munn, currently an inmate of the Arkansas Department of Corrections,

filed this action pursuant to 42 U.S.C. § 1983.   Pursuant to the provisions of 28 U.S.C. § 636(b)(1)

and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to

the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. §

1915A(a).   Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which

a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity.

## I.      BACKGROUND

Plaintiff originally filed his Complaint and Application to proceed *in forma pauperis*

("IFP") on March 10, 2023.   (ECF Nos. 1-2).   On the same day, the Court provisionally filed

Plaintiff's Complaint and explained Plaintiff was not eligible for IFP status as he previously

received three strikes pursuant to the Prison Litigation Reform Act ("PLRA).   (ECF No. 3).   The Court identified the three strike cases for Plaintiff and directed him to respond with (1) why he does not believe each of the cases constitutes a strike within the meaning of 28 U.S.C. § 1915(g); or (2) why he does not believe the three strikes rule applies to this case.   (ECF No. 3).   Plaintiff filed his Amended Complaint on March 31, 2023.   (ECF No. 5).   On April 6, 2023, Plaintiff filed a response regarding the three strikes issue.   (ECF No. 6).

In his Amended Complaint, Plaintiff alleged three claims against the Defendants.   In Claim 1 he alleged, on September 28, 2020, Defendants used excessive force against him, denied him medical care, falsely arrested and imprisoned him, and subjected him to mental and physical cruelty.   (ECF No. 5, pp. 4-5).   These claims all relate to Plaintiff's arrest and incarceration in 2020.

In Claim 2, Plaintiff alleged for a second time that he was falsely arrested, this time on May 15, 2022.   Plaintiff also complained that during this arrest he was shot with a Taser, and the Defendants refused to take him to the hospital following the arrest.   (ECF No. 5, p. 6).

In Claim 3, Plaintiff alleged he was injured on June 2, 2022, while incarcerated in the Hempstead County Jail.   (ECF No. 5, pp. 7-8).   Plaintiff fell in the shower because his hands were cuffed behind his back.   As a second part of Claim 3, Plaintiff claimed two officers jumped on him after his fall and reinjured him.   *Id.*

For relief, Plaintiff has requested compensatory, punitive, and hardship damages for (1) false imprisonment; (2) restraint of liberty; (3) warrantless arrest; (4) kidnapping; (5) back and head injuries received in Hempstead County Jail; (6) a back injury from the Taser; and (7) compensation for his mother that was left without him to pay her bills after he was incarcerated.

The Court notes Plaintiff's current address of record is the Arkansas Department of

2

Corrections – Varner Unit in Grady, Arkansas.   Plaintiff is no longer incarcerated in the Hempstead County Jail and was not incarcerated in Hempstead County at the time he filed his Complaint.

In response to the Court's three-strike request, Plaintiff filed a document requesting amicus briefing.   (ECF No. 6).   Plaintiff argues that his Amended Complaint states serious issues of constitutional law and statutory interpretation and amicus briefs will help the Court address these issues.   *Id.*   Plaintiff does not make any arguments as to why 28 U.S.C. § 1915(g) is not applicable to him and the instant filing.

## II.    APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94

(2007)).   However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Furthermore, under the terms of the PLRA:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## III.   DISCUSSION

As the Court notes in its March 10, 2023, Order, Plaintiff has accumulated more than three PLRA strikes between this District and the Eastern District of Arkansas.   *See Munn v. Hunt, et al.*, Civil No. 4:15-cv-04072 (W.D. Ark. Sept. 5, 2017); *Munn v. Garland, et al.*, Civil No. 4:02-cv-04132 (W.D. Ark. March 13, 2003); and *Munn v. Moncrief, et al.*, Civil No. 5:05-cv-00052 (E.D. Ark. May 24, 2005).   Pursuant to 28 U.S.C. § 1915(g), he is therefore barred from proceeding IFP unless he is under imminent danger of serious physical injury.   *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (an inmate with three prior strikes under Section 1915(g) may be eligible to proceed IFP if he can show he is in imminent danger at the time of filing his complaint).   Plaintiff's Amended Complaint contains only allegations of past conduct, and he alleges no imminent danger in his current facility – the ADC.   The Court notes it does not need amicus briefing on this matter as the PLRA three-strike provision is well-established and applicable here.   Accordingly, Plaintiff is barred as a frivolous filer from proceeding IFP in this case.

4

## IV.    CONCLUSION

For these reasons, it is recommended Plaintiff's Amended Complaint be dismissed without prejudice, and Plaintiff be instructed he may move to reopen this case only upon full payment of the requisite filing fee of $402.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of May 2023.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE